UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALINDA REESE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-CV-320 |
| GENERAL MOTORS LLC, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Partial Motion to Dismiss First Amended Complaint filed by Defendant General Motors. Motion to Dismiss (ECF 31). GM filed a brief in support of its motion (ECF 32), Plaintiff Malinda Reese filed a brief in opposition (ECF 35), and GM filed a reply (ECF 36). For the reasons discussed below, the motion is DENIED.

## BACKGROUND

Malinda Reese filed this lawsuit against General Motors, her former employer, alleging claims of discrimination on the basis of race, sex and age, and a claim for retaliation for having complained about discrimination. Original Complaint (ECF 1). Reese's original Complaint was filed *pro se.* Two months later, Reese obtained counsel and moved the Court for leave to file an amended complaint. Reese's First Amended Complaint was docketed on December 5, 2019, and is the controlling Complaint in this case. First Amended Complaint (ECF 29).

GM's partial motion to dismiss challenges only Reese's sex discrimination claim. More specifically, GM asserts that Reese's First Amended Complaint "exceeds the scope of her Charge of Discrimination . . . filed with the [EEOC] by asserting claims of disparate treatment sex discrimination under Title VII . . . , which were not asserted in Plaintiff's Charge." Partial

Motion to Dismiss, p. 1. More specifically still, GM argues as follows:

> Defendant seeks dismissal of Plaintiff's disparate treatment sex discrimination claims because Plaintiff did not exhaust her administrative remedies with respect to those claims. Plaintiff's claims asserted in her Charge consisted solely of claims of disparate treatment discrimination on the basis of <u>race</u> and <u>age</u>, and claims of harassment on the basis of age and sex. Plaintiff's Charge gives no indication that she is asserting disparate treatment sex discrimination claims, and only asserts claims of sexual <u>harassment</u>. Therefore, Plaintiff should not be permitted to add claims of disparate treatment sex discrimination to the First Amended Complaint that are outside the scope of her Charge.

Defendant's Brief in Support, p. 4 (underlining in original). Reese insists that GM misinterprets or misconstrues the allegations in her Charge and her Amended Complaint, arguing as follows:

> The issue before this Court is not whether Plaintiff sufficiently pled facts in her Complaint to support her disparate treatment sex discrimination claim, but whether Plaintiff exhausted her administrative remedies as to those claims in her Charge of Discrimination filed with the EEOC. Incredulously, Defendant now surmises that Plaintiff's claims of sex discrimination in her EEOC Charge are based on <u>sexual harassment</u>, though at no point in her Charge did Reese allege that she was being subjected to sexually offensive behaviors. Instead, Reese alleges in her Charge harassment on the basis of her sex. . . . [T]he Defendant's interpretation of Plaintiff's claim is misguided, and as such, Defendant's Partial Motion to Dismiss Plaintiff's Complaint should be denied.

Plaintiff's Brief in Opposition, p. 4 (underlining in original).

## STANDARD OF REVIEW

GM brings its motion for partial dismissal pursuant to Federal Rule 12(b)(6). Rule 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although Rule 8(a) requires only a "short and plain statement" of the plaintiff's claims, to survive a motion to dismiss a complaint must consist of more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. (quoting *Twombly*, 550 U.S. at 570).

"A claim that a plaintiff failed to exhaust her administrative remedies is appropriately addressed in a motion under Rule 12(b)(6) when the plaintiff pleads facts showing that the claim is outside the scope of the charge of discrimination." *Hale v. Bd. of Trustees of S. Illinois Univ. Sch. of Med.*, 219 F.Supp.3d 860, 864-65 (C.D. Ill. 2016) (citing *McQueen v. City of Chicago*, 803 F.Supp.2d 892, 903 (N.D. Ill. 2011)). "When considering a motion to dismiss under Rule 12(b)(6), the Court reviews the complaint and the exhibits attached to the complaint. *See* Fed.R.Civ.P. 10(c) ('A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.')[.]" *Id*. (citing *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)). As the district court also explained in *Hale*, the following principles apply when a defendant argues that a plaintiff failed to exhaust administrative remedies:

Whether the federal claims are within the scope of the charge of discrimination is a question of law. *Conner v. Ill. Dep't of Nat'l Resources*, 413 F.3d 675, 679 (7th Cir. 2005). Because the charge of discrimination and the investigation report were attached to the Complaint, this Court will consider both documents to determine what claims were communicated to the Department and Defendant during the investigation. *See Flores v. Bd. of Trustees of Cmty. College Dist. No. 508*, 103 F.Supp.3d 943, 950 (N.D. Ill. 2015) (noting that a plaintiff can also bring in her federal complaint any discrimination claims communicated during the course of the investigation); *Flower v. City of Chi.*, 850 F.Supp.2d 941, 944 (N.D. Ill. 2012) (considering the course of the Illinois Department of Human Rights investigation when determining whether the claim in the complaint was like or reasonably related to the allegations in the charge of discrimination).

*Id*. at 866.

## DISCUSSION

Pursuant to the applicable standards of review set forth above, the Court begins its analysis by examining Reese's Charge of Discrimination filed with the EEOC. In her Charge, which Reese points out was filed *pro se* (as was her original Complaint), Reese stated and alleged as follows:

> I am a qualified (68) sixty-eight year old black individual who has worked as a temporary/flex employee for General Motors Fort Wayne Assembly . . . since July 18, 2018. On July 23, 2018, afer working only four (4) hours, I was terminated. After I was brought back to work the following week, I informed members of management that I wasn't properly trained as my peers. I also requested to be transferred to another department. Since making my request, I have been transferred and placed in positions without being trained. In October of 2018, I was reprimanded by my supervisor Danley for work performance after he gave me four (4) days to learn a new job. Younger and white temporary/flex employees are not treated in this same manner.
>
> Also during my employment, I reported several of my peers for harassment to members of management for calling me "grandma." I also reported my Box car line trainer for harassment after he yelled and approached me in an aggressive manner for waking him up. This individual also said, "We don't need women working here, now we have to work with you, and you don't know your job." I also reported that I felt this was because of my age (68) and sex, female. As a result, I was removed from the line. Two days later, I was transferred back to the

4

> box car line. I informed members of management that I feared for my safety and requested a transfer. My request was denied.
>
> For these reasons, I believe I have been discriminated against on the basis of my age, (68) sixty-eight years old, and race, black[.] . . . I also believe I have been harassed on the basis of my age . . . and sex, female, and retaliated against for complaining[.]

Charge of Discrimination (ECF 29-1), pp. 1-2. Based on these allegations, Reese filed this lawsuit alleging discrimination on the basis of race, age and sex, and retaliation.

In its motion to dismiss, GM argues that Reese's "First Amended Complaint contains various allegations that are not included in the Charge, and exceed the scope of the Charge." Defendant's Brief in Support, p. 3. GM "seeks dismissal of Plaintiff's disparate treatment sex discrimination claims because Plaintiff did not exhaust her administrative remedies with respect to those claims. . . . Plaintiff's Charge gives no indication that she is asserting disparate treatment sex discrimination claims, and only asserts claims of sexual <u>harassment</u>. Therefore, Plaintiff should not be permitted to add claims of disparate treatment sex discrimination to the First Amended Complaint that are outside the scope of her Charge." *Id*., p. 4 (underlining in original). In short, GM maintains that Reese's Charge states a claim for sexual harassment but not for disparate treatment on the basis of sex, and that she is attempted to assert a claim for the latter without having presented such a claim to the administrative agency.

As stated above, Reese thinks it is "incredulous" that GM would take this position. Reese insists that "[b]ecause none of Plaintiff's allegations included harassment of a sexual nature, but instead describe harassment on the basis of her sex, the alleged harassment falls into the spectrum of disparate treatment and her claims should be permitted to proceed." Plaintiff's Brief in Response, p. 3.

5

GM correctly notes that "a plaintiff generally must present her claims to the EEOC before she can file a federal lawsuit based on those claims." Defendant's Brief in Support, p. 5 (citing *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002)). Reese responds by arguing that the "factual allegations contained within Plaintiff's Complaint are alike or arise out of the allegations in her Charge and should be allowed to proceed." Plaintiff's Brief in Opposition, p. 4. She also points out that Reese filed her Charge of Discrimination, as well as her original Complaint before this Court, without the benefit of counsel, and that "'[a] document filed *pro se* is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers.'" Plaintiff's Brief in Opposition, p. 5 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Reese argues further that "[i]n a Title VII suit such as this, 'the scope of the complaint properly encompasses any discrimination that is like, or reasonably related to, the allegations in the EEOC charge and growing out of such allegations.'" *Id.*, p. 7 (quoting *Hansboro v. Northwood Nursing Home, Inc.*, 832 F.Supp. 248, 252 (N.D. Ind. 1993)). Finally, Reese points out that "'a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint.'" *Id.*, pp. 7-8 (quoting *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Reese insists the allegations and claims in her First Amended Complaint are alike, or arise out of, the allegations and claims in her EEOC Charge. She argues that "[h]ere, Plaintiff's Charge is laden with examples of harassment by peers and supervisors alike, lack of training, and indicates that her employment status was going to be addressed the following day, but is completely devoid of any reference to 'sexually offensive' behaviors. It would be absurd to say that Plaintiff is now limited to 'sexual harassment' claims, when her Charge only describes the ways in which she was treated

6

differently because of her sex." *Id*., p. 8.

As this Court explained in a recent case:

> In general, a plaintiff can only bring claims under Title VII that he has included in the charge he filed with the EEOC. *Cervantes v. Ardagh Grp*., 914 F.3d 560, 564 (7th Cir. 2019). "This limitation serves two purposes. It affords the employer some notice of the conduct underlying the employee's allegation. It also affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Id*. (internal citation and quotation marks omitted).
>
> "'A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the earlier charges contained in the EEOC complaint.'" *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (quoting *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996)). To determine whether a federal claim falls within the scope of the EEOC charge, courts must determine "whether the allegations are like or reasonably related to those contained in the EEOC complaint. If they are, then we ask whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Id*. "Claims are reasonably related if there is a factual relationship between them. At a minimum, this means that the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Id*. (internal citation omitted). The relevant inquiry is "what EEOC investigation could reasonably be expected to grow from the original complaint." *Ajayi v. Aramark Bus. Servs., Inc*., 336 F.3d 520, 527 (7th Cir. 2003) (internal citation and quotation marks omitted).
>
> "Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty*., 804 F.3d 826, 831 (7th Cir. 2015). Courts should not punish technical defects like a failure to check a particular box on an EEOC form; rather, courts must view the charge as a whole and decide whether it contains facts that would alert the EEOC to the possibility of a particular theory of discrimination. *Ajayi*, 336 F.3d at 528.

*Reynolds v. Subaru of Indiana Auto*., 2020 WL 1157901, at *3 (N.D. Ind. Mar. 10, 2020).

The issue, then, is whether Reese included sufficient allegations in her Charge of Discrimination that, when interpreted liberally and in her favor, state a claim that she was discriminated against because she is a woman. While Reese's allegations of sex discrimination are arguably skeletal, the Court concludes that they are sufficient to state a viable claim that

7

survives a Rule 12(b)(6) review. Reese alleged in her Charge of Discrimination that she was treated less favorably than male coworkers in terms of training and discipline. She alleges that a male trainer told her that "we don't need women working here." In her First Amended Complaint, Reese does indeed add factual assertions not specifically stated in her EEOC Charge. GM challenges those factual assertions, arguing as follows:

> In the First Amended Complaint, Plaintiff's disparate treatment sex discrimination claims relate to male co-workers receiving bathroom breaks, while Plaintiff was not allowed to take breaks; coworkers teasing, humiliating, and embarrassing Plaintiff in front of management; Plaintiff receiving false and fictitious write-ups; and Plaintiff given a "speed test" after two days on a job, which resulted in her termination. . . . None of these factual allegations are in the Charge, nor are they "like or reasonably related to" the claims in the Charge or "expected to grow out of an EEOC investigation of the Charge."

Defendant's Brief in Support, p. 9 (quoting *Cheek*, 31 F.3d at 501). It is true that "[n]one of these allegations are in the Charge," but the Court does not accept GM's contention that they are not "like or reasonably related to" her claim of sex discrimination. GM's argument is based on a narrow and literal reading of Reese's Charge. In her Charge, Reese uses the word "harassment" three times: first, when she states that she "reported several of my peers for harassment for calling me 'grandma'"; second when she states that she "also reported my Box car line trainer for harassment after he yelled and approached me in an aggressive manner"; and third when she states that she "believe[s] I have been harassed on the basis of my age . . . and sex, female." Charge of Discrimination, pp. 1-2. As Reese points out in her brief, none of these allegations, nor any of her other factual assertions, state or even imply that she was subjected to sexually offensive behavior. Notwithstanding her arguably inartful use of the word "harassment," the Court concludes that a proper interpretation of her allegations–meaning a "liberal interpretation"

that "accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff[,]" *Bielanski v. County of Kane*, 550 F.3d at 633–makes clear that Reese is alleging that she was treated less favorably than male peers and supervisors. To reiterate, "[c]ourts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). "Courts should not punish technical defects like a failure to check a particular box on an EEOC form; rather, courts must view the charge as a whole and decide whether it contains facts that would alert the EEOC to the possibility of a particular theory of discrimination." *Reynolds v. Subaru*, 2020 WL 1157901, at *3. Applying this standard of review, the Court concludes that Reese's allegations indicate she is asserting a claim for disparate treatment on the basis of her sex, not sexual harassment. Again, a "Plaintiff need not include allegations that would establish 'a prima facie case of discrimination' under the relevant methods of proof; indeed, because employers 'are familiar with discrimination claims,' little information 'is required to put the employer on notice of these claims' and satisfy the federal pleading standards." *McGinnis v. United States Cold Storage*, 2018 WL 2320930, at *5 (N.D. Ill. May 22, 2018) (quoting *Carlson v. CSX Transp.*, 758 F.3d 819, 827 (7th Cir. 2014). GM's argument is a semantic one. "[Defendant's] argument that [Plaintiff's] complaint alleges different policies than those alleged in his EEOC charge has no merit. . . .[It] is a selective reading of the EEOC charge and the complaint, but even assuming [Defendant's] characterization is accurate, the allegations are still sufficiently alike and reasonably related such that the complaint is within the scope of the EEOC charge. *See Pruitt* [*v. Pers. Staffing Grp., LLC*], 2016 WL 6995566, at *6 [(N.D. Ill. Nov. 30, 2016)] (rejecting similar argument by defendants as "quibbling with the wording" and "engaging in semantics in arguing that there is a

significant difference" between an EEOC charge and complaint that allege essentially the same or reasonably related facts)." *Flanagan v. Excel Staffing Sols., LLC*, 2018 WL 558499, at *5 (N.D. Ill. Jan. 25, 2018). Accordingly, the Court determines that GM's motion for partial dismissal should be denied.

## CONCLUSION

For the reasons explained above, the Partial Motion to Dismiss First Amended Complaint filed by Defendant General Motors (ECF 31) is DENIED.

Date: March 30, 2020.

/s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
